UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                                          CRIMINAL ACTION NO. 3:11-CR-00010

JUAN LANDEROS-SANDOVAL                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

On August 16, 2012, Defendant Juan Landeros-Sandoval was convicted of conspiracy to possess over 1000 kilograms of marijuana with the intent to distribute it and of possession of over 1000 kilograms of marijuana with the intent to distribute it. Landeros-Sandoval has now moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, or, in the alternative, for a new trial pursuant to Federal Rule of Criminal Procedure 33 (DN 331).

Landeros-Sandoval contends that he is entitled to a judgment of acquittal because the government failed to prove his knowledge that he was in possession of marijuana. However, the evidence was more than sufficient for a rational trier of fact to have found the essential elements of the crimes–including Landeros Sandoval's knowledge that he possessed marijuana–beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Landeros-Sandoval's arguments in favor of a new trial are also without merit. He first argues that this court erroneously denied his motion for suppression of evidence obtained from the van he was driving. However, the court sees no reason to reverse the order denying his suppression motion. The police's stop of Landeros-Sandoval's van was based on an objectively reasonable suspicion of criminal activity.

Landeros-Sandoval also argues that he is entitled to a new trial because the court denied his motion to dismiss the United States' notice of its intent to seek an enhanced sentence based on Landeros-Sandoval's prior felony drug conviction under 21 U.S.C. § 851. Landeros-Sandoval argues that he was entitled to have the question of whether he was previously convicted of a felony drug crime submitted to the jury under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, in *Apprendi*, the Supreme Court specifically exempted prior convictions from the rule that facts that increase the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Landeros-Sandoval's motion for a judgment of acquittal or a new trial is **DENIED**.

October 29, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

D03